THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REBECCA STELMAN, MARK OCHOA, IAN COLEMAN, CAITLYN HOLLERBACH, LOUIS WEATHERSTON, DEMETRIES WRIGHT, JONAS NYARIS, JANNI SAMUEL, MAIRA HERNANDEZ, and LINDSAY MOORE, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM INC.; AMAZON LOGISTICS, INC.; TEM EXPRESS LOGISTICS LLC dba TEMEX LOGISTICS and TEML, a Washington limited liability company; TORITSE ORUBU, individually and on behalf of the marital community composed of TORITSE ORUBU and J. DOE ORUBU; BUTCHIE BOY PRODUCTIONS, INC. d/b/a EXSELON, a Washington corporation; JEFFREY BUTCHER, individually and on behalf of the marital community composed of JEFFREY BUTCHER and KATHRYN BUTCHER; KATHRYN BUTCHER, individually and on behalf of the marital community composed of KATHRYN BUTCHER and JEFFREY BUTCHER; ASTEROIDS GROUP LLC dba ASTG, a Washington limited liability company; KINGSLEY ONUCHUKWU, individually and on behalf of the marital community composed of KINGSLEY ONUCHUKWU and J. DOE ONUCHUKWU; ANAHIT MANUKYAN, individually and on behalf of the marital community composed of | NO. 2:22-cv-01632-RSM<br><br>**PLAINTIFFS' MOTION FOR REMAND**<br><br>**NOTED FOR CONSIDERATION: JANUARY 20, 2023** |

PLAINTIFFS' MOTION FOR REMAND
Case No. 2:22-cv-01632-RSM

| | |
|---|---|
| 1 | ANAHIT MANUKYAN and J. DOE MANUKYAN; BENCHMARK TRANSPORT, LLC, a Washington limited liability company; DAMIEN WAGNER, individually and on behalf of the marital community composed of DAMIEN WAGNER and J. DOE WAGNER; ALDEN RADONCIC (aka ALDEN RADD), individually and on behalf of the marital community composed of ALDEN RADONCIC and J. DOE RADONCIC; THE TOTAL PACKAGE LOGISTICS, LLC, a Washington limited liability company; JEREMY FIXLER, individually and on behalf of the marital community composed of JEREMY FIXLER and HEATHER FIXLER; HEATHER FIXLER individually and on behalf of the marital community composed of HEATHER FIXLER and JEREMY FIXLER; NANCY LUNA, individually and on behalf of the marital community composed of NANCY LUNA and J. DOE LUNA; ASLAR LOGISTICS LLC, a Washington limited liability company; LAURA JOHNSON, individually and on behalf of the marital community composed of LAURA JOHNSON and JOSHUA JOHNSON; JOSHUA JOHNSON, individually and on behalf of the marital community composed of JOSHUA JOHNSON and LAURA JOHNSON; GOPLAY LOGISTICS LLC, a Washington limited liability company; TRACY PELLETT, individually and on behalf of the marital community composed of TRACY PELLETT and J. DOE PELLETT; AVANATOR.COM LLC, a Washington limited liability company; RICHARD ZECH, individually and on behalf of the marital community composed of RICHARD ZECH and J. DOE ZECH; POLE POSITION EXPRESS LOGISTICS LLC, a Washington limited liability company; DENNIS HANNAH, individually and on behalf of the marital community composed of DENNIS HANNAH and J. DOE HANNAH; TRUE MANAGEMENT LLC, a Washington limited liability company; CHRISTOPHER LILLEY, individually and on behalf of the marital community composed of CHRISTOPHER |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |

PLAINTIFFS' MOTION FOR REMAND
Case No. 2:22-cv-01632-RSM

| | |
|---|---|
| 1 | LILLEY and J. DOE LILLEY; B.B.W. HOLDINGS, INC., a Michigan corporation; BARRY WILLIAMS, individually and on behalf of the marital community composed of BARRY WILLIAMS and J. DOE WILLIAMS; PARAGON DELIVERIES INC., a Washington corporation; and JORDAN OFFUTT, individually and on behalf of the marital community composed of JORDAN OFFUTT and J. DOE OFFUTT; |
| | Defendants. |

PLAINTIFFS' MOTION FOR REMAND
Case No. 2:22-cv-01632-RSM

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION .................................................................................................. 1

II.  STATEMENT OF FACTS..................................................................................... 2

III. ARGUMENT AND AUTHORITY ....................................................................... 4

   A.   This case must be remanded to King County Superior Court because Plaintiffs satisfy the home-state controversy exception to the Class Action Fairness Act ................................................................................ 5

        1.   Two-thirds or more of the proposed Class members are citizens of Washington ........................................................................... 5

        2.   Amazon is the only primary defendant and is a citizen of Washington ............................................................................................ 8

IV.  CONCLUSION ..................................................................................................... 11

PLAINTIFFS' MOTION FOR REMAND - i
Case No. 2:22-cv-01632-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**TABLE OF AUTHORITIES**

Page

**FEDERAL CASES**

*Benko v. Quality Loan Serv. Corp.*,
 789 F.3d 1111 (9th Cir. 2015) .................................................................................. 4

*Brinkley v. Monterey Fin. Servs., Inc.*,
 873 F.3d 1118 (9th Cir. 2017) .................................................................................. 4

*Gomez v. Rapid Pasadena Services, LLC*,
 CV 21-1053-GW-AFMX, 2021 WL 4356097 (C.D. Cal. Sept. 23, 2021) .......................... 8

*Hollinger v. Home State Mut. Ins. Co.*,
 654 F.3d 564 (5th Cir. 2011) .................................................................................... 7

*King v. Great Am. Chicken Corp, Inc.*,
 903 F.3d 875 (9th Cir. 2018) .................................................................................... 7

*Laddi v. Soraya Motor Co.*,
 C17-0287-JCC, 2017 WL 7053651 (W.D. Wash. May 5, 2017) ..................................... 5

*Mondragon v. Capital One Auto Fin.*,
 736 F.3d 880 (9th Cir. 2013) ................................................................................. 4, 7

*Muego v. Cassalata*,
 2:20-CV-00172-APG-DJA, 2020 WL 806357 (D. Nev. Feb. 18, 2020) ............................ 5

*Roe v. Michelin N. Am., Inc.*,
 613 F.3d 1058 (11th Cir. 2010) ................................................................................ 5

*Singh v. Am. Honda Fin. Corp.*,
 925 F.3d 1053 (9th Cir. 2019) .................................................................................. 8

**STATE CASES**

*Ortiz, et al. v. Amazon.com Inc., et al.*,
 Case No. 17-2-25002-3 KNT (King Cnty. Super. Ct.) ............................................ 6, 7, 10

**FEDERAL STATUTES**

28 U.S.C. § 1332(d) ............................................................................................... 1, 3

28 U.S.C. § 1332(d)(2) ............................................................................................... 4

PLAINTIFFS' MOTION FOR REMAND - ii
Case No. 2:22-cv-01632-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

28 U.S.C. § 1332(d)(4)(B) .................................................................................. 4

28 U.S.C. § 1332(d)(5) ...................................................................................... 4

28 U.S.C. § 1332(d)(6) ...................................................................................... 4

28 U.S.C. § 1447(c) ........................................................................................... 4

PLAINTIFFS' MOTION FOR REMAND - iii
Case No. 2:22-cv-01632-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

Amazon removed this action from state court, claiming federal jurisdiction exists under the Class Action Fairness Act ("CAFA") 28 U.S.C. § 1332(d). Amazon further argued that the "home-state exception" to CAFA jurisdiction does not apply because one of the several Delivery Service Provider ("DSP") Defendants, B.B.W. Holdings, Inc., is purportedly a primary defendant and not a citizen of Washington. But Amazon adopts a threadbare rationale to support its assertion that B.B.W. Holdings—a single DSP Defendant that Plaintiffs allege employed a relatively small number of delivery drivers and has a potential exposure of less than $60,000—is as central to this litigation as Amazon, which acknowledges potential liability to more than 10,000 delivery drivers statewide and potential exposure of $5.97 million in damages.

Rather, Amazon is the only primary defendant in this litigation for three primary reasons. First, Plaintiffs allege that Amazon is directly responsible for the harm to the proposed Class because it engineered the scheme by which Plaintiffs and members of the proposed Class have suffered wage and hour violations and retains control over nearly every aspect of Plaintiffs' and proposed Class members' work. Second, Plaintiffs' allegations and Amazon's notice of removal demonstrate that Amazon's potential exposure to the Class is exponentially greater relative to the exposure of all other Defendants. Third, Amazon is the *only* Defendant in this case that has potential liability to every member of the Class, making it the principal, fundamental, and direct defendant in this litigation.

Plaintiffs further satisfy application of the home-state exception because the Court can reasonably infer from the pleadings and evidence submitted that two-thirds or more of the proposed class members are citizens of Washington.

For these reasons and those that follow, Plaintiffs respectfully ask the Court to grant their motion for remand. Alternatively, Plaintiffs respectfully request the Court allow Plaintiffs to seek jurisdictional discovery on the citizenship of proposed Class members.

PLAINTIFFS' MOTION FOR REMAND - 1
Case No. 2:22-cv-01632-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## II. STATEMENT OF FACTS

Plaintiffs filed their class action complaint in King County Superior Court on September 30, 2022, against Amazon.com Inc., Amazon Logistics, Inc. (collectively "Amazon"), 12 DSPs,[1] and 18 DSP owners and agents (collectively the "DSP Defendants") who contracted with Amazon to provide delivery of packages to Amazon customers. ECF No. 1-1. In that complaint, Plaintiffs alleged wage and hour abuses, including rest and meal break violations, failure to pay for all hours worked, and failure to pay all overtime wages owed on behalf of themselves and the following proposed Class:

> All persons who, between September 30, 2019, and the date of final disposition of this action, have performed services for the Amazon Defendants in Washington as non-managerial and nonsupervisory package delivery drivers and have been paid by a contracted delivery service provider that had an Amazon Delivery Provider agreement with one or both of the Amazon Defendants.

*Id*. ¶ 4.1.1. The proposed Class is specific to the allegations levied against Amazon, but Plaintiffs also propose several DSP-specific subclasses and additional subclasses on behalf of delivery drivers who have performed work within the city of Seattle. *Id*. ¶¶ 4.1.2–4.1.21.

While Plaintiffs maintain that drivers are jointly employed by Amazon and the specific DSPs for which they worked, Plaintiffs allege it is Amazon—not any of the DSPs—that retains control over nearly every aspect of the work drivers perform and that this control is the root cause of the violations Plaintiffs and the Class members suffered. Specifically, Plaintiffs allege that Amazon instructs delivery drivers regarding what packages to deliver and when and in what order; that drivers must perform their duties in Amazon branded vehicles, wear Amazon branded uniforms, use Amazon "Rabbit" or other Amazon delivery devices, and act at Amazon's

---

[1] Plaintiffs named these 12 DSPs as Defendants because Plaintiffs were jointly employed by these DSPs along with Amazon. However, Plaintiffs believe Amazon contracts with a substantially greater number of Washington DSPs that Plaintiffs did not name in the complaint because those DSPs did not jointly employ Plaintiffs. *See* Notice of Removal, ECF No. 1 ¶ 14 (Amazon admitting it "contracted with other non-defendant DSPs that employed the remainder of the putative class members").

PLAINTIFFS' MOTION FOR REMAND - 2
Case No. 2:22-cv-01632-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

direction; that drivers are dependent on Amazon for virtually every aspect of their jobs, including the existence of the job itself; and that Amazon retains control over the manner and means by which delivery drivers perform their jobs, including driver schedules and work hours. ECF No. 1-1 ¶ 5.1.1. Plaintiffs also allege that Amazon requires drivers to abide by certain delivery rules and procedures, *id*. ¶ 5.1.3; to inform Amazon officials when they cannot deliver packages by calling the Amazon Transportation Operations Center ("TOC"), *id*. ¶ 5.1.4; and to follow instructions from TOC, *id*. ¶ 5.1.5. Plaintiffs further allege that Amazon provides orientation and training to drivers on the use of its delivery devices and software, *id*. ¶ 5.1.6; that Amazon maintains detailed records of each driver's status and package delivery times, *id*. ¶ 5.1.7; that Amazon directs drivers to take pictures of packages in the position where they were delivered and to inform Amazon officials when packages are not delivered, *id*. ¶ 5.1.8; and that Amazon requires drivers to return any undelivered packages to the Amazon warehouse from where they were picked up, *id*. ¶ 5.1.12. Plaintiffs also allege that the process for package delivery can pass from one DSP to another without any material changes and that the work directed by Amazon remains the same regardless of which DSP is involved. *Id*. ¶ 5.1.10.

      Plaintiffs asserted in their complaint that federal jurisdiction is inappropriate under CAFA because more than two-thirds of the members of the proposed class are citizens of Washington and Amazon is a citizen of Washington. *Id*. ¶ 2.4. Moreover, Plaintiffs allege that Amazon is the only Defendant liable to all members of the Class, *id*. ¶ 4.1.1, whereas each DSP Defendant is liable to only the narrow, DSP-specific subclass of drivers that it employed, *id*. ¶¶ 4.1.3–4.1.21.

      On November 14, 2022, Amazon filed a notice of removal to this Court, asserting jurisdiction under CAFA, 28 U.S.C. § 1332(d), and arguing, *inter alia*, that one out-of-state Defendant, B.B.W. Holdings, Inc., is a "primary defendant," thus defeating the home-state exception to CAFA jurisdiction. ECF No. 1. Plaintiffs now move for remand.

PLAINTIFFS' MOTION FOR REMAND - 3
Case No. 2:22-cv-01632-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

### III.     ARGUMENT AND AUTHORITY

Under CAFA, federal district courts have the authority to hear class action cases involving minimal diversity among the parties where the class includes at least 100 members, 28 U.S.C. § 1332(d)(5), and the amount in controversy exceeds $5,000,000, exclusive of interests and costs, 28 U.S.C. §§ 1332(d)(2) & (6).

CAFA includes express exceptions to jurisdiction for "class actions with a truly local focus," which "should not be moved to federal court" because "state courts have a strong interest in adjudicating such disputes." *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1119 (9th Cir. 2015) (quoting S. Rep. No. 109-14, 39). For example, a district court "shall decline to exercise jurisdiction" under CAFA when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). This provision is known as the "home-state exception" to CAFA. *Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017).

A motion to remand a case removed from state court based on any defect other than subject matter jurisdiction must be made within 30 days after the notice of removal is filed. 28 U.S.C. § 1447(c). Amazon's notice of removal was filed on November 14, 2022, and this motion for remand was timely filed 30 days later, on December 14.

As the party seeking remand, Plaintiffs have the burden of establishing that an exception to CAFA jurisdiction applies. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013). But the burden of proof "should not be exceptionally difficult to bear." *Id.* at 886. The Court's factual findings regarding jurisdiction should be made "based on the entire record," *id.*, under the preponderance of the evidence standard, *id.* at 884.

PLAINTIFFS' MOTION FOR REMAND - 4
Case No. 2:22-cv-01632-RSM

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

### A. This case must be remanded to King County Superior Court because Plaintiffs satisfy the home-state controversy exception to the Class Action Fairness Act.

1. <u>Two-thirds or more of the proposed Class members are citizens of Washington.</u>

Amazon filed its notice of removal of this action forty-five days after Plaintiffs filed the complaint in state court and before any discovery had been conducted. Thus, Plaintiffs have not obtained a list of all proposed Class members or their residential addresses from Amazon or any of the DSP Defendants. But where there is no evidence in the record of the citizenship of class members, Courts in this district have looked to the class definition set forth in the complaint to determine whether the two-thirds requirement has been met. *See Laddi v. Soraya Motor Co.*, C17-0287-JCC, 2017 WL 7053651, at *2 (W.D. Wash. May 5, 2017). In such cases, "district courts can make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable,' and 'may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.'" *Muego v. Cassalata*, 2:20-CV-00172-APG-DJA, 2020 WL 806357, at *1 (D. Nev. Feb. 18, 2020) (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010)).

In *Laddi*, Plaintiffs brought an action "on behalf of the Class, which is defined as all customers who leased or purchased one or more vehicles from Defendants' dealerships *in Washington* within the applicable period of the statute of limitations." C17-0287-JCC, 2017 WL 7053651, at *2 (emphasis in original). The court acknowledged that the defendant in question operated nationally but noted that the class definition was limited to Washington car dealership customers. *Id*. Based on this limitation, the court was satisfied that more than two-thirds of class members were Washington citizens. *Id*.

Here, Plaintiffs' proposed Class definition includes "[a]ll persons who . . . have performed services for the Amazon Defendants *in Washington* as non-managerial and nonsupervisory package delivery drivers . . . ." ECF No. 1-1 ¶ 4.1.1 (emphasis added). Similar to

PLAINTIFFS' MOTION FOR REMAND - 5
Case No. 2:22-cv-01632-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Laddi*, this Court could reasonably infer that out of a class of 10,000 Washington employees,[2] at least 6,667 of them live in Washington, the state in which the underlying work was performed. Put a different way, for Plaintiffs to *fail* to reach this threshold, the Court would have to conclude that at least 3,333 of the 10,000 delivery drivers have either since left the state or that they commuted into Washington from out-of-state each workday to make deliveries to Amazon's Washington customers. Such a proposition seems unlikely at best.

A recent class action lawsuit brought against Amazon is instructive here. In *Ortiz, et al. v. Amazon.com Inc., et al.,* Case No. 17-2-25002-3 KNT (King Cnty. Super. Ct.), the plaintiffs brought strikingly similar rest break, meal break, overtime, and minimum wage claims against Amazon and a Washington DSP on behalf of "[a]ll persons who . . . have performed services for the Amazon Defendants *in Washington* as non-managerial and nonsupervisory package delivery drivers . . . ." Declaration of Toby J. Marshall in Support of Plaintiffs' Motion for Remand (Marshall Decl.), Ex. 1 ¶ 4.1.1 (emphasis added). The parties reached a class-wide settlement agreement on the claims, which was granted final approval in May 2021. Marshall Decl. ¶ 3. The settlement provided substantial monetary relief for 3,631 class members. *Id*. ¶ 4; Ex. 2 ¶ 17 (ordering Amazon to pay $8.2 million on behalf of all defendants). Class members were mailed a settlement check to their last known residential address. Marshall Decl. ¶ 6. Current records show that more than 19 months after final approval, and nearly eight years after the start of the class period, at least 74.5 percent of the delivery drivers who comprised the *Ortiz* class cashed their settlement check after having received it at a Washington residential address. *Id*. ¶ 7. But the actual percentage of Washington residents in the *Ortiz* class is likely higher. Indeed, out of the 3,025 settlement checks that class members cashed, 2,705—or 89.42 percent—were mailed to Washington addresses. Thus, it is more likely that somewhere between 74.5 percent

---

[2] Amazon represents that the proposed Class is comprised of *at least* 10,000 delivery drivers. ECF No. 1 ¶ 15. For purposes of this motion and in an effort to demonstrate the two-thirds element is met using simple math, Plaintiffs assume there are exactly 10,000 proposed Class members. But the same arguments apply regardless of the size.

PLAINTIFFS' MOTION FOR REMAND - 6
Case No. 2:22-cv-01632-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

and 89.42 percent of *Ortiz* class members remained Washington residents, even after the case was settled. *Id*. ¶ 8.

Based on the above analysis, the Court can reasonably infer that the members of a more recent class defined identically as to geographical scope have at least as high of a percentage of Washington residential addresses as the *Ortiz* class. And where a person maintains a residential address, courts may use this as proof of the person's domicile. *Mondragon*, 736 F.3d at 886 ("numerous courts treat a person's residence as prima facie evidence of the person's domicile") (citing *Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary . . . ."); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence . . . is prima facie proof of his domicile."); 13E Wright & Miller, § 3612 & n.28 ("It is assumed . . . that a person's current residence is also his domicile . . . ."))

If the Court is not convinced that two-thirds of the members of a class of Washington employees are also Washington citizens without such evidence on the record, the remedy is not to deny Plaintiffs' motion for remand. Rather, the Ninth Circuit has held that where a plaintiff has not had an opportunity to obtain evidence that could establish the requirement of two-thirds citizenship, the proper course is to allow the plaintiff to conduct discovery specific to this issue. *See, e.g., Mondragon*, 736 F.3d at 885 (vacating district court's remand order but instructing district court to allow plaintiff to take jurisdictional discovery to gather evidence that more than two-thirds of putative class members were citizens of California and noting that defendant who insisted plaintiff provide proof for a proposition that seemed likely to be true was equally to blame for delay); *see also King v. Great Am. Chicken Corp, Inc.*, 903 F.3d 875, 881 (9th Cir. 2018) (vacating remand order but allowing plaintiff opportunity to seek jurisdictional discovery and noting defendant could propose a stipulation to adequately address plaintiff's two-thirds burden if it thought discovery was too onerous).

PLAINTIFFS' MOTION FOR REMAND - 7
Case No. 2:22-cv-01632-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

### 2. Amazon is the only primary defendant and is a citizen of Washington.

CAFA does not define the phrase "primary defendant." But the Ninth Circuit has held that when analyzing whether a defendant is a "primary defendant," courts in this circuit should (1) "assume that all defendants will be found liable"; (2) "consider whether the defendant is sued directly or alleged to be directly responsible for the harm to the proposed class or classes, as opposed to being vicariously or secondarily liable"; and (3) "consider the defendant's potential exposure to the class relative to the exposure of other defendants." *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1068 (9th Cir. 2019). "The analysis should not be conducted 'mechanistically' and the inquiry should focus on whether a defendant is 'principal,' 'fundamental,' or 'direct.'" *Gomez v. Rapid Pasadena Services, LLC*, CV 21-1053-GW-AFMX, 2021 WL 4356097, at *5 (C.D. Cal. Sept. 23, 2021) (quoting *Singh*, 925 F.3d at 1068). Finally, all primary defendants must be citizens of the alleged home state. *Singh*, 925 F.3d at 1068 (citations omitted).

Under the test set forth in *Singh*, Amazon is the *only* primary defendant in this case. First, Plaintiffs will assume that all defendants will be found liable, though this assumption does not factor heavily into the outcome of the analysis.

Second, Plaintiffs allege that Amazon is directly responsible for the harm to the proposed Class because it engineered the scheme by which Plaintiffs and members of the proposed Class have suffered wage and hour violations. Indeed, Plaintiffs allege Amazon employed all delivery drivers in Washington who worked directly for an Amazon DSP, regardless of which DSP they worked for. ECF No. 1-1 ¶ 5.1. Plaintiffs also allege that Amazon instructs these delivery drivers regarding what packages to deliver and when and in what order; that drivers must perform their duties in Amazon branded vehicles, must wear Amazon branded uniforms, must use Amazon "Rabbit" or other Amazon delivery devices, and must act at Amazon's direction; that drivers are dependent on Amazon for virtually every aspect of their jobs, including the existence of the job itself; that Amazon retains control over the manner and means by which delivery drivers perform their jobs, including driver schedules and work hours;

PLAINTIFFS' MOTION FOR REMAND - 8
Case No. 2:22-cv-01632-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

that Amazon requires drivers to abide by certain delivery rules and procedures, to inform Amazon officials when they cannot deliver packages, and to follow instructions from those Amazon officials; that Amazon provides orientation and training to drivers on the use of its delivery devices and software; that Amazon maintains detailed records of each driver's status and package delivery times; and that Amazon directs drivers to take pictures of packages in the position where they were delivered, to inform Amazon officials when packages are not delivered, and to return any undelivered packages to the Amazon warehouse from where they were picked up. *Id*. ¶¶ 5.1.1–5.1.8, 5.1.12. Plaintiffs further allege that the process for package delivery can pass from one DSP to another without any material changes and that the work directed by Amazon remains the same regardless of the DSP it is assigned to. *Id*. ¶ 5.1.10.

Conversely, Plaintiffs do not allege that any individual DSP Defendant maintains this level of control over the delivery drivers or is the root cause of the harms they suffered. Rather, Plaintiffs allege that DSP liability only arises from participation in the scheme Amazon engineered. This is true for all DSP Defendants, including the out-of-state DSP Defendants like B.B.W. Holdings, Inc.

Third, Plaintiffs' allegations and Amazon's notice of removal demonstrate that Amazon's potential exposure to the class is exponentially greater relative to the exposure of each other Defendant. Plaintiffs' complaint includes one proposed Class and twenty proposed Subclasses. The proposed Class is brought against only Amazon and includes all people in the state of Washington who performed services for Amazon as package delivery drivers and were paid by DSPs under contract with Amazon during the class period. ECF No. 1-1 ¶ 4.1.1. In its notice of removal, Amazon admitted that at least 10,000 people fall within the proposed Class definition, ECF No. 1 ¶ 15, and that its potential exposure, if found liable to these 10,000 delivery drivers, exceeds $5.97 million in damages.[3] *Id*. ¶ 40. Moreover, Amazon admits that it also has potential liability to delivery drivers who were employed by DSPs *not* named as Defendants in this

---

[3] Plaintiffs do not concede that Amazon's estimated monetary exposure is accurate, and Plaintiffs reserve the right to contest this assertion in future proceedings.

PLAINTIFFS' MOTION FOR REMAND - 9
Case No. 2:22-cv-01632-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

lawsuit. ECF No. 1 ¶ 14. Thus, for these possibly thousands of proposed Class members, Amazon is the *only* Defendant that has potential liability for the wage and hour abuses alleged.

In contrast to the more than 10,000 delivery drivers who Amazon may be liable to, Plaintiffs allege that each DSP employed "scores" of delivery drivers and is liable to only those it employed. ECF No. 1-1 ¶¶ 3.13–3.42. Thus, even if each of the named DSPs employed 100 delivery drivers during the class period, each of those DSP Defendants would only be liable to 1 percent of the number of delivery drivers Amazon would be liable to. When translated to monetary terms, this means that each DSP would have a potential exposure of less than $60,000 for damages, or 1 percent of Amazon's potential exposure of $5.97 million.

Fourth, Amazon is the *only* Defendant in this case that has potential liability to every member of the Class, making it the principal, fundamental, and direct defendant in this litigation. *See id*. ¶¶ 5.1–5.1.16.

Finally, Plaintiffs allege, and Secretary of State documents demonstrate, that Amazon is a citizen of Washington. *Id*. ¶¶ 3.11–3.12; Exs. 3 and 4.

As noted previously, Plaintiffs' allegations in this case are remarkably similar to the *Ortiz* case in which Amazon alone paid $8.2 million to settle the claims, even though the settlement class included 3,631 delivery drivers from eight different Washington DSPs. Marshall Decl. ¶ 11; *see also* Ex. 2 ¶ 17. While the issue of Amazon as a "primary defendant" under CAFA was not raised in *Ortiz*, the allegations and outcome of the settlement demonstrate Amazon was the primary defendant and the DSP defendants were not. Indeed, the *Ortiz* plaintiffs similarly brought claims on behalf of one statewide class of delivery drivers and multiple DSP subclasses and also alleged that Amazon jointly employed all delivery drivers, maintained control over nearly every aspect of the delivery drivers' work, and were directly responsible for the harm to the delivery drivers, even though the delivery drivers were paid by their respective DSPs. Ex. 1 ¶¶ 5.1–5.1.16. Notably, in *Ortiz*, Amazon did not move to join any of the Washington DSPs not named in the complaint as indispensable parties and did not allege that the named or unnamed DSPs were principally responsible for the violations alleged. Marshall Decl. ¶ 12. While Amazon

PLAINTIFFS' MOTION FOR REMAND - 10
Case No. 2:22-cv-01632-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

negotiated the release of claims against eight different DSPs, it footed the entire $8.2 million settlement bill while the DSP defendants paid nothing. Ex. 2 ¶ 17.

## IV.   CONCLUSION

Plaintiffs have satisfied all elements of the home-state exception to CAFA jurisdiction and thus respectfully ask the Court to grant their motion for remand. Alternatively, Plaintiffs respectfully request the Court allow Plaintiffs to seek jurisdictional discovery on the citizenship of proposed Class members.

RESPECTFULLY SUBMITTED AND DATED this 14th day of December, 2022.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Toby J. Marshall, WSBA #32726
    Toby J. Marshall, WSBA #32726
    Email: tmarshall@terrellmarshall.com
    Erika L. Nusser, WSBA #40854
    Email: enusser@terrellmarshall.com
    Eric R. Nusser, WSBA #51513
    Email: eric@terrellmarshall.com
    936 N. 34th Street, Suite 300
    Seattle, Washington 98103
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450

    Douglas Han, WSBA #59429
    Email: dhan@justicelawcorp.com
    Shunt Tatavos-Gharajeh, WSBA #59424
    Email: statavos@justicelawcorp.com
    JUSTICE LAW CORPORATION
    751 North Fair Oaks Avenue, Suite 101
    Pasadena, California 91103
    Telephone: (818) 230-7502
    Facsimile: (818) 230-7259

*Attorneys for Plaintiffs and the Proposed Class*

PLAINTIFFS' MOTION FOR REMAND - 11
Case No. 2:22-cv-01632-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com