UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REBECCA STELMAN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM INC., *et al.*,<br><br>Defendants. | Case No. C22-01632 RSM<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND |

## I.  INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion to Remand. Dkt. #18. Plaintiffs move for remand back to King County Superior Court under the home-state controversy exception found in the Class Action Fairness Act ("CAFA") and the discretion afforded to the Court in 28 U.S.C. § 1332(d)(3). Defendant Amazon opposes remand. Dkt. #28. The Court has determined that it can rule on this Motion without needing oral argument. For the reasons below, the Court GRANTS Plaintiff's Motion and REMANDS this case to King County Superior Court.

## II.  BACKGROUND

This is a putative class action in which Plaintiffs allege that Amazon violated several sections of the Washington Revised Code and Seattle Municipal Code by failing to provide rest and meal breaks, and failure to pay compensation owed including overtime and wages for missed

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 1

rest and meal breaks. *See* Dkt. #1-1. This case was originally filed in King County Superior Court in September of 2022. *See id.* at 1.

The November 14, 2022, Notice of Removal states: (1) this Notice of Removal is timely, (2) the proposed class has at least 10,000 members, in satisfaction of the requisite 100 or more members; (3) at least one class member is diverse from Amazon, satisfying minimal diversity; (4) the amount in controversy exceeds the $5,000,000 threshold; and (5) no CAFA exception applies here. Dkt. #1 at 5–11.

In this Motion to Remand, Plaintiffs argue:

> Amazon is the only primary defendant in this litigation for three primary reasons. First, Plaintiffs allege that Amazon is directly responsible for the harm to the proposed Class because it engineered the scheme by which Plaintiffs and members of the proposed Class have suffered wage and hour violations and retains control over nearly every aspect of Plaintiffs' and proposed Class members' work. Second, Plaintiffs' allegations and Amazon's notice of removal demonstrate that Amazon's potential exposure to the Class is exponentially greater relative to the exposure of all other Defendants. Third, Amazon is the only Defendant in this case that has potential liability to every member of the Class, making it the principal, fundamental, and direct defendant in this litigation.

Dkt. #18 at 1. Additionally, Plaintiffs argue that the Court can reasonably infer from the record that two-thirds or more of the proposed Class members are citizens of Washington state. *Id.*

In response, Amazon argues that it is not the only primary Defendant in this case and that Plaintiffs' pleadings show there are other primary defendants, one of whom is a citizen of another state, and therefore the home-state exception is inapplicable. Dkt. #28 at 10. Amazon points to Plaintiffs' joint employer theory, stating that all Defendants are "sued directly" and all Defendants are "alleged to be directly responsible for the harm" in the Complaint. *Id.* at 7. Further, Amazon asserts that Plaintiffs seek the same recovery from all Defendants without

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 2

distinction, which makes "each a 'principal,' 'fundamental,' and 'direct' defendant." *Id.* at 9 (citing *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1068 (9th Cir. 2019).

On Reply, Plaintiffs argue that Amazon attempts to construe this exception too narrowly and the out-of-circuit cases it cites to are inapplicable. Dkt. #30 at 2. Plaintiffs argue that "courts in the Ninth Circuit use discretion, common sense, and reasonable inference to determine whether the home-state controversy exception applies." *Id.* (citing *Bey v. SolarWorld Industries Am., Inc.*, 904 F. Supp. 2d 1096, 1102 (D. Or. 2012) ("In determining whether the requirements of the . . . 'home-state controversy' exception have been satisfied, it is permissible for a court to apply common sense and reasonable inferences."); *see also DeSalvo v. Yoshinoya Am., Inc.*, No. CV 20-676-JFW(SKX), 2022 WL 16908235, at *2 (C.D. Cal. Aug. 16, 2022) (court declined to exercise CAFA jurisdiction under home-state controversy exception because "common sense [told] the Court" elements of exception were met). Further, Plaintiffs assert that the Ninth Circuit has held that "federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance.'" *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); Dkt. #30 at 2.

Plaintiffs, applying the *Singh* factors, allege that Amazon is the only Defendant directly responsible for the harm to the proposed class. Dkt. #30 at 4. Plaintiffs distinguish Amazon's role from that of the other Defendants, pointing out that the other Defendants only have potential liability to the portion of drivers it employed and no other Defendant is potentially liable to the entire class. *Id.* Additionally, Plaintiffs argue that unlike the other Defendants, Amazon has the only potential exposure to every member of the proposed class. *Id.* at 6. Plaintiffs reiterate that only Amazon employed every member of the proposed class, whereas the other Defendants employed "no more than 1 percent" of the proposed members. *Id.* at 9.

### III. DISCUSSION

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 3

A. **Legal Standard**

When a case is filed in state court, removal is typically proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).  "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).  Typically, it is presumed "'that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'"  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The Class Action Fairness Act ("CAFA") creates federal subject matter jurisdiction if three requirements are met: (1) the proposed class has 100 or more members; (2) at least one class member is diverse from at least one defendant ("minimal diversity"); and (3) more than $5 million exclusive of interests and costs is in controversy in the aggregate.  *See* 28 U.S.C. § 1332(d); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014). However, district court "shall decline to exercise jurisdiction" under CAFA when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). This provision is known as the "home-state exception" to CAFA.  *Brinkley v. Monterey Fin. Servs.*, Inc., 873 F.3d 1118, 1121 (9th Cir. 2017).

Further, "a district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction" under CAFA when "greater than one-third but

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 4

less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3). The Court is to consider several factors including: "whether the claims asserted involve matters of national or interstate interest;" "whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;" and "whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;" "whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;" and "whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States." *Id.*

"The party seeking remand bears the burden to prove an exception to CAFA's jurisdiction." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007).

**B. Analysis**

In *Singh*, the Ninth Circuit set forth a test for determining whether a defendant is a "primary defendant" for the purposes of the home-state exception, noting that these considerations are not exhaustive and the main inquiry is whether a defendant is a "principal," "fundamental," or "direct" defendant. 925 F.3d at 1068. First, a court assumes that all defendants will be found liable. *Id.* Next, the court should "consider whether the defendant is sued directly or alleged to be directly responsible for the harm to the proposed class or classes, as opposed to being vicariously or secondarily liable." *Id.* A court should also consider "the defendant's potential exposure to the class relative to the exposure of other defendants." *Id.* Therefore, the Court begins its analysis by assuming all defendants will be found liable.

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 5

The factual allegations made by Plaintiffs support a finding that Amazon Defendants are alleged to be directly responsible for the harm to the proposed class(es). Plaintiffs in this case allege that although they and other "members of the Class and Subclasses work for so-called Delivery Service Providers…Amazon Defendants have retained control over the manner and means by which Plaintiffs…perform their jobs." Dkt. #1-1 ¶ 5.1. Plaintiffs allege that Amazon Defendants control driver schedules, work hours, and "virtually every aspect of their jobs, including the existence of the job itself." *Id.*

The Court further finds that Amazon Defendants' potential exposure to the proposed Class is much greater relative to the exposure of other Defendants. Plaintiffs allege that Amazon Defendants are joint employers of every member of the proposed Class, while the other Defendants employ only a small percentage of these members. Therefore, Amazon is the only Defendant in this case that is potentially liable to every class member.

The Court finds that the record demonstrates, by a preponderance of the evidence, that Plaintiffs have satisfied the Ninth Circuit's requirements. Amazon Defendants and at least two-thirds of the members of the putative class are citizens of Washington.[1] Plaintiffs have shown by a preponderance of the evidence that Amazon is a principal, fundamental, or direct defendant. The home state exception to CAFA applies and the Court declines to exercise jurisdiction on that basis.  This case involves the application of Washington state law.  There is clearly a distinct nexus with Washington State.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

---

[1] The Court agrees with Plaintiffs' assertion that Amazon waived any argument against Plaintiffs' assertion that two-thirds or more of the proposed Class members are citizens of the alleged home state in satisfaction of the first element of the home-state exception, because it did not challenge Plaintiffs' contention in its Response. *See Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016).

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 6

1. Plaintiffs' Motion to Remand, Dkt. #18, is GRANTED.

2. This case is hereby REMANDED to King County Superior Court.

3. This matter is now CLOSED.

DATED this 10th day of February, 2023.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 7